**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEENAN G. WILKINS, AKA Nerrah Brown,

    Plaintiff-Appellant,

v.

COUNTY OF STANISLAUS; et al.,

    Defendants-Appellees.

No.    18-16232

D.C. No. 1:16-cv-01858-DAD-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

California state prisoner Keenan G. Wilkins, AKA Nerrah Brown, appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Wilkins's access-to-courts claim because Wilkins failed to allege facts sufficient to show that any defendant caused an actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court properly dismissed Wilkins's equal protection claim because Wilkins failed to allege facts sufficient to show that any defendant acted with an intent or purpose to discriminate against him based upon membership in a protected class. *See Hartmann v. Cal. Dep't of Corrs. & Rehab*., 707 F.3d 1114, 1123 (9th Cir. 2013) (setting forth requirements of an equal protection claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

Denial of Wilkins's requests for injunctive and declaratory relief was proper because there was no claim upon which to request relief or remedies. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when

underlying claims have been decided, the reversal of a denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (in order "[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**